## HOLLYWOOD v. PEOPLE.

### September, 1863.

Under an indictment framed under 2 *R. S.* 665, for shooting at A. with intent to kill her, and proof of shooting at B. with intent to kill him, and actually killing A., a request on the part of the prisoner to charge that he could not be convicted of shooting A., is too broad, and it is not error to refuse to charge accordingly.

Eugéne Hollywood having been convicted in the New York general sessions, in September, 1865, of assaulting one Eliza, wife of Thomas J. Bayley, with intent to kill her, and the conviction having been affirmed by the supreme court, brought error to this court.

The evidence at the trial showed that the prisoner shot at the husband intending to kill him only; and that the wife being beyond him was hit.

The judge charged that if the jury were satisfied that if Mr. Bayley had been hit, and had been killed, the crime would have been murder, then they might convict of an assault and battery with intent to kill.

The request, on behalf of the prisoner, to the refusal of which exception was taken, was as follows: "I ask your honor to charge, that in this case, if the prisoner pointed and fired at Mr. Bayley *alone*, with intent to kill him or do him bodily harm, the prisoner cannot be convicted of shooting Mrs. Bayley."

THE COURT.—"I shall charge directly the reverse."

*The supreme court*, at general term, affirmed the conviction; and plaintiff brought error to this court.

*S. H. Stuart*, for plaintiff in error.—The offense proved

was, both in fact and under the statute, committed against the person of Bayley, the husband. The crime, under the statute, consists of shooting at a person with intent to kill such person. The prisoner may be convicted under another indictment of the crime which he actually committed, but under this indictment the proof failed to show any offense.

*A. Oakey Hall*, district-attorney, for the people.—The request was properly refused, because it took away from the jury their consideration of all responsibility on the part of prisoner. The request was substantially to charge that the prisoner cannot be convicted of shooting Mrs. Bayley. Pursuant to the common law, our statute will construe the intent to kill under these facts, to be common, not only to the person aimed at but to the person injured. If A., intending to kill B., fired at B., but missing him, killed C., it was murder at common law. 1 *Whar. Am. Cr. Law*, § 965. Our statute says: "when perpetrated from premeditated design to effect the death of the person killed, or of any human being." This question was construed by this court in accordance with the common law, as above stated. People v. Darry, 10 *N. Y.* 155.

BY THE COURT.—PECKHAM, J.—The statute under which this indictment was found declares, among other things, that "every person who shall be convicted of shooting at another, &c., with the intent to kill, maim, ravish or rob such other person," &c., shall be punished by imprisonment in a State prison not more than ten years. 2 *R. S.* 665.

The prisoner was indicted under this statute. To convict him thereof it mus be proved that he violated some one of its provisions. It would seem that shooting at Bayly with intent to kill him, and hitting Mrs. Bayly by mere mistake, does not prove him guilty of shooting at her with intent to kill her. But it is equally clear, however, that the prisoner might have been convicted under this indictment, of another offense than that described in this statute. At common law, feloniously or unlawfully firing or striking at one and hitting another, is an offense as to the latter, of which the prisoner might have been

convicted under this indictment. The request of the prisoner was, in substance, to charge that the prisoner could not be convicted of any offense for shooting Mrs. B. The request was too broad, and the court therefore committed no error in refusing such charge. Irrespective of this objection no material error is presented in this record for review, at least none in my judgment appears.

The judgment is affirmed.

All the judges concurred, except MORGAN, J., who was for dismissal of the writ.

Judgment affirmed.